IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONNIE BROWN,

      Plaintiff,                     No. CIV S-03-1918 GEB GGH P

      vs.

DELANO STATE PRISON,

      Defendants.          ORDER

_____/

      On February 17, 2005, the Ninth Circuit Court of Appeals filed an order remanding this matter for the limited purpose of allowing this court to rule on plaintiff's request for an extension of time to file an appeal. A notice of appeal must be filed with the district court within thirty days after entry of judgment. Fed. R. App. P. 4(a)(1)(A). A district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered if the following conditions are satisfied:

      (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, which ever is earlier;
      (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
      (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

1   On October 26, 2004, judgment was entered. The January 5, 2005, notice of
2   appeal states, "[p]laintiff appeals judgment of court entered on Oct 26, 2004, dismissing
3   complaint. Due to incarceration and late notice of January 3, 05, of status." This pleading
4   suggests that plaintiff did not become aware of the final judgment until January 3, 2005.
5   On March 29, 2005, the court ordered plaintiff to file a declaration discussing
6   when and how he first became aware that judgment had been entered. The court also ordered
7   plaintiff to address, if he knew, why he did not receive timely notice of judgment although it was
8   mailed to his address of record.
9   On April 29, 2005, plaintiff filed a response to the March 29, 2005, order. In this
10  response, plaintiff states that he first became aware that his case was dismissed three weeks after
11  the court rejected his summary judgment motion. Plaintiff is referring to the January 4, 2005,
12  order disregarding his summary judgment motion filed December 17, 2004. Plaintiff also states
13  that he was in transit without an appropriate place to live. His address of record at that time was
14  only a mailing address. He states that he has no explanation for why he did not receive notice of
15  judgment other than that the notice was not given to him by the person whose address he was
16  using.
17  Plaintiff signed his notice of appeal on January 3, 2005. His claim that he first
18  became aware that judgment had been entered three weeks after the January 4, 2005, is
19  contradicted by the date of his appeal. The January 4, 2005, order could not have given plaintiff
20  notice of judgment because it was issued after he signed his notice of appeal.
21  Based on these circumstances, the court cannot determine precisely when or how
22  plaintiff received notice of judgment. However, because plaintiff clearly states that he did not
23  receive the notice that was sent to his address of record, it is fairly clear that plaintiff did not
24  receive notice of judgment within twenty-one days of its entry. Plaintiff's pleadings suggest that
25  he filed his notice of appeal shortly after he realized that judgment had been entered. For these
26  reasons, plaintiff's motion for an extension of time to file his appeal is granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time to file his appeal is granted;

2. The Clerk of the Court is directed to serve this order on the Ninth Circuit Court of Appeals.

DATED: 5/12/05

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
br1918.app